UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| In re:<br>HARVEY HERNANDEZ,<br><br>　　　　　　　　Debtor. | Case No. 10-26989-RAM<br><br>Chapter 7 |
| VANESSA HERNANDEZ-DOLAN,<br>　　　　　　　　Plaintiff,<br>vs.<br>HARVEY HERNANDEZ,<br>　　　　　　　　Defendant. | Adversary Proceeding<br>No.: 10-03606-RAM |

## MOTION FOR DEFAULT AND FINAL DEFAULT JUDGMENT AGAINST DEFENDANT, HARVEY HERNANDEZ

COMES NOW, the Plaintiff, Vanessa Hernandez ("Plaintiff"), by and through undersigned counsel, and pursuant to Federal Rule of Bankruptcy Procedure 7055 and the Court's Order Requiring Plaintiff to File Motion for Default Final Judgment dated May 5, 2011 [D.E. #27] ("Court's Order") files its Motion for Default and Final Default Judgment as to all counts of Complaint in this action against Defendant, Harvey Hernandez (hereinafter "Defendant"), and in support thereof states:

　　1.　　Pursuant to the Court's Order, the court file reflects that the Defendant was served with the Complaint and that Defendant failed to file a timely answer or responsive pleading.

　　2.　　Accordingly, Defendant has failed to defend as provided by Federal Rule of Bankruptcy Procedure 7055 or any applicable statute or any order of court as to the Complaint.

　　3.　　The Plaintiff's claim is for either a sum certain or a sum that can be made certain by computation. Given the circumstances and grounds for which undersigned counsel seeks to withdraw as Plaintiff's counsel, the undersigned is unable to obtain a signed affidavit from the

Plaintiff with the exact computation of the monetary amount for which judgment is sought as required under Federal Rule of Bankruptcy Procedure 7055(b)(1). Accordingly, Plaintiff seeks for this Court, rather than the Clerk, to enter a Default.

4. Plaintiff further seeks entry of Final Default Judgment against Defendant and a proposed Final Default Judgment is attached hereto as Exhibit "1."

5. Defendant has been served with this notice of Plaintiff's Application for Default and Default Final Judgment as indicated on the Certificate of Service below.

WHEREFORE, the Plaintiff requests that the Court enter a Default and a Final Default Judgment pursuant to Federal Rule of Bankruptcy Procedure 7055(b)(2).

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1 (A).

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served by U.S. Mail upon all other parties in interest, and to Debtor/Defendant's counsel and to all parties in interest this 12th day of May, 2011.

Date: May 12, 2011

Respectfully submitted,
GRAYROBINSON, PA
1221 BRICKELL AVENUE, SUITE 1600
Miami, Florida 33131
Tel: 305-416-6880
Fax: 305-416-6887
Robert.Schatzman@gray-robinson.com

By: __/s/ Robert Schatzman__
Robert Schatzman
Fla. Bar. No.: 0139008

\303464\1 - # 411736 v1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| In re: <br><br> HARVEY HERNANDEZ, <br><br>                  Debtor. | Case No. 10-26989-RAM <br><br> Chapter 7 |
| VANESSA HERNANDEZ-DOLAN, <br><br>                  Plaintiff, <br><br> vs. <br><br> HARVEY HERNANDEZ, <br><br>                  Defendant. | Adversary Proceeding <br> No.: 10-03606-RAM |

THIS ACTION came before the Court on _____, 2011 at \_\_\_\_ AM/PM upon Plaintiff's, Vanessa Hernandez-Dolan, ("Plaintiff") Motion for Default and Final Default Judgment against Defendant, Harvey Hernandez, ("Defendant"), for failure to defend as provided by the Federal Rules of Bankruptcy Procedure or any applicable statute or any order of court, and upon the Court having entered a Default against the Defendant. Based upon the record and the evidence presented, THE COURT FINDS AS FOLLOWS:

      A.    On June 16, 2010 ("Petition Date"), the Defendant filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code, Case

# 474710 v1


EXHIBIT 1

No. 10-26989-RAM ("Bankruptcy Case") ("Petition").

B. Prior to the filing of the Petition and on September 16, 2005, Plaintiff and Defendant entered into a Mediated Marital Settlement Agreement ("Marital Agreement") to settle the dissolution of marriage case, Case No. 04-23562 FC 12.

C. A true and correct copy of the Marital Agreement is incorporated by reference herein and attached hereto as Exhibit "A."

D. Prior to the filing of the Petition and on November 14, 2005, the Defendant and the Plaintiff's marriage was dissolved pursuant to that certain Final Judgment of Dissolution of Marriage ("Final Judgment of Dissolution").

E. A true and correct copy of the Final Judgment of Dissolution is incorporated by reference herein and attached hereto as Exhibit "B."

F. The parties agreed to amend the Marital Agreement and such amendment is incorporated by reference herein and attached hereto as Exhibit "C." The Marital Agreement and the amendment attached as Exhibit C shall be referred to as the "Amended Marital Agreement" (together "Marital Agreement and Amended Marital Agreement" shall be referred to as the "Agreement").

G. On September 21, 2010, Plaintiff filed an adversary proceeding in the Bankruptcy Case, whereby Plaintiff objected to Plaintiff's discharge pursuant to 11 U.S.C. § 523(a)(5) with respect to the discharge for a "domestic support obligation" as defined by 11 U.S.C. §101(14A).

H. The Plaintiff further alleged that the obligations pursuant to the Agreement, which accrued prior to the Petition Date and have accrued subsequent thereto and in accordance with the Agreement (collectively, the "Debt") are non-dischargeable

pursuant to 11 U.S.C. § 523(a)(5). Such Debt constitutes "domestic support obligations" as defined in 11 U.S.C. § 101(14A). Specifically, Plaintiff alleged that the Debt owed by Defendant to Plaintiff under the Agreement constitutes a debt that accrues before, on, or after the date of the order for relief, including interest that accrues on that Debt as provided under applicable nonbankrupty law, as well as attorneys' fees and costs. Further, Plaintiff stated that the Debt is in the nature of alimony, maintenance, or support of Plaintiff as his former spouse and that it was established before, on, or after the date of the order of relief by reason of applicable provisions of the Agreement, which constitutes a separation agreement, divorce decree, or property settlement agreement.

I. Plaintiff's Complaint asserts that the Debt owed to the Plaintiff is not dischargeable pursuant to 11 U.S.C. § 523(a)(5).

J. Plaintiff properly served the Complaint upon Defendant.

K. Defendant failed to properly defend and thus the Court entered an Order Requiring Plaintiff to File a Motion for Final Default Judgment on May 5, 2011 [D.E. #27].

**ACCORDINGLY IT IS ORDERED AND ADJUDGED:**

1. **Default and Default Final Judgment.** Plaintiff's Motion for Default and Default Final Judgment is GRANTED. A Default and Default Final Judgment is entered against Defendant and in favor of Plaintiff.

2. **Payment.** Defendant shall pay the Debt as so determined by the Circuit Court in and for Miami-Dade County, Florida in Case No. 04-23562 FC 12 ("Circuit Court") pursuant to the terms of its final judgment in such case and the Agreement as well as any subsequent modifications or amendments thereafter as approved by the

Circuit Court. The Bankruptcy Court shall not make any determination as to the amount or the nature of the non-dischargeable Debt, nor shall it interpret, construe or rule upon any of the provisions of the Agreement, the Orders of the Circuit Court or any other documents or agreements entered into by the parties and approved or mandated by the Circuit Court.

3. IT IS FURTHER ORDERED that Plaintiff, with an address as follows: 690 Solano Prado Coral Gables, Florida 33156, recover from the Defendant, whose address is 5140 Riviera Drive, Coral Gables, Florida 33146, together with prejudgment interest, to be determined at a subsequent hearing as well as attorneys fees and costs.

4. **Assigns**. This Judgment shall be binding upon and shall enure to the benefit of the parties and their respective successors, assigns, administrators, and trustees.

5. **Jurisdiction.** The Court reserves jurisdiction to enforce this Default and Default Final Judgment.

###

Submitted by:
Robert A. Schatzman
**GRAYROBINSON, P.A.**
1221 Brickell Avenue, Suite 1600
Miami, FL 33131
robert.schatzman@gray-robinson.com
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

*(Attorney Schatzman is directed to serve a conformed copy of this document to all interested parties immediately upon receipt and shall file a certificate of service with the Clerk].*

# 474710 v1